**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Luis Martin Lopez; et ux., ) | No. CIV 14-1795-TUC-CKJ (LAB) |
| ) | |
| Plaintiffs, ) | **Report and Recommendation** |
| ) | |
| vs. ) | |
| ) | |
| The United States of America; et al. ) | |
| ) | |
| Defendants. ) | |

Pending before the court is the government's motion to dismiss for lack of jurisdiction and, in the alternative, for failure to state a claim upon which relief can be granted, filed on June 3, 2014. (Doc. 15)   The plaintiff, Luis Martin Lopez, alleges he was illegally removed to Mexico by the Department of Homeland Security. He brings an action claiming various state law torts pursuant to the Federal Tort Claims Act. The government moves that this court dismiss the complaint pursuant to FED.R.CIV.P. 12(b)(1) because Lopez's claims are precluded by 8 U.S.C. § 1252(g), which restricts claims arising out of the government's decision to remove an alien. The government argues in the alternative that Lopez fails to state a claim upon which relief can be granted pursuant to FED.R.CIV.P. 12(b)(6).

The case has been referred to Magistrate Judge Bowman for report and recommendation pursuant to the Local Rules of Practice. LRCiv 72.1. The court finds the

1  motion suitable for decision without oral argument. The complaint should be dismissed with
2  leave to amend.

####  Factual and Procedural Background

The plaintiff, Luis Martin Lopez, is a citizen of Mexico. (Doc. 1, ¶ 11) Lopez was removed from the United States to Mexico on March 26, 2003 following an allegation of domestic violence. *Id*. at ¶ 12

Shortly afterwards, Lopez reentered the United States using his border crossing card. *Id*. at ¶ 13 The government argues this entry was illegal because the card became invalid after Lopez's removal.

On June 12, 2009, Lopez married his current wife, a United States citizen, and began the process of applying for permanent residency status. (Doc. 1, ¶ ¶ 14, 15)

On January 9, 2012, Lopez and his attorney met with United States Citizenship and Immigration Services (USCIS) official Charles Portillo. *Id*. at ¶ 16 It was evident to Lopez that Portillo did not like him and was not favorably disposed to grant him a waiver to adjust his status to legal permanent resident. *Id*. at ¶ 16, 17, 18, 19

On February 29, 2012, USCIS notified Lopez that his request was denied. *Id*. at ¶ 20 The deadline for filing an appeal was April 2, 2012. *Id*. at ¶ 22; *see* (Doc. 15, p. 6) (*citing* 8 U.S.C. § 1252(b)(1))

Nevertheless, on March 27, 2012, government agents arrested Lopez and removed him to Mexico. *Id*. at ¶ 21 Lopez asserts that because his "appeal was still pending, no person had any legal authority to arrest, to detain and/or to deport Mr. Lopez." *Id*. at ¶ 34

Twenty-six days later, Lopez was permitted to reenter the country. *Id*., at ¶ 44; (Doc. 15, p. 15) ("Mr. Lopez was paroled into the United States, which allowed him to re-apply for adjustment of status while physically present.") He has since obtained legal permanent residency status. *Id*., at ¶ 47

Lopez and his wife filed a complaint in this court alleging subject matter jurisdiction pursuant to the Federal Tort Claims Act. (Doc. 1) Based on Lopez's arrest, detention, and

1  removal, they raise claims for false arrest, false imprisonment, negligence, intentional
2  infliction of emotional distress, loss of consortium, and malicious prosecution.
3         On June 3, 2014, the government filed the pending motion to dismiss for lack of
4  jurisdiction and failure to state a claim upon which relief can be granted. (Doc. 15)  The
5  government argues the complaint, on its face, fails to allege sufficient facts to establish
6  subject matter jurisdiction.  The government further argues the FTCA does not provide
7  jurisdiction because there is no private person analogue for the government's immigration
8  activities.

10         Discussion
11         A motion to dismiss pursuant to FED.R.CIV.P. 12(b)(1) challenges this court's subject
12  matter jurisdiction.  Because federal courts are courts of limited jurisdiction, the party
13  invoking the jurisdiction of the court has the burden of proof.  *Thornhill Pub. Co., Inc. v.*
14  *General Tel. & Electronics Corp.,*  594 F.2d 730, 733 (9th Cir. 1979).  Here, Lopez alleges
15  jurisdiction pursuant to the Federal Tort Claims Act.
16         The Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671, et seq., "provides
17  a limited waiver of the sovereign immunity of the United States for torts committed by
18  federal employees acting within the scope of their employment." *Nurse v. United States*, 226
19  F.3d 996, 1000 (9th Cir. 2000). The government accepts liability "under circumstances where
20  the United States, if a private person, would be liable to the claimant in accordance with the
21  law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).
22         Notwithstanding this limited waiver of sovereign immunity, the government argues
23  this court lacks jurisdiction pursuant to 8 U.S.C. § 1252(g).  The statute reads in pertinent
24  part as follows:

> Except as provided in this section and notwithstanding any other provision of
> law (statutory or nonstatutory) . . . no court shall have jurisdiction to hear any
> cause or claim by or on behalf of any alien arising from the decision or action
> by the Attorney General to commence proceedings, adjudicate cases, or
> execute removal orders against any alien under this chapter.

28  8 U.S.C.A. § 1252(g).

- 3 -

1    Although the statute explicitly refers to "any cause or claim . . . arising from the
2 decision . . . to commence proceedings, adjudicate cases, or execute removal orders," the
3 Ninth Circuit has interpreted the statute to preclude jurisdiction only over those claims that
4 result from the government's discretionary authority. *U.S. v. Hovsepian*, 359 F.3d 1144,
5 1155 (9th Cir. 2004). In other words, the statute does not preclude jurisdiction over a purely
6 legal question. *Id*.

7    In this case, Lopez's claims arise from the government's decision to remove him to
8 Mexico. Lopez raises two allegations of error. First, he argues the government's decision
9 to deny his request for a waiver was an abuse of discretion. Second, he argues the
10 government's decision to remove him while his appeal was still pending was contrary to law.

11    Lopez's first argument challenges the government's discretionary authority. The court
12 has no jurisdiction over that issue pursuant to 8 U.S.C.A. § 1252(g). *See, e.g., Guerrero v.*
13 *U.S.*, 2008 WL 2523892, 6 (C.D.Cal. 2008) (dismissing FTCA claims arising out of the
14 government's decision to remove the plaintiff while the parties were awaiting a court order
15 that would determine whether his previous offense could be used as a basis for removal); *see*
16 *also Sissoko v. Rocha*, 509 F.3d 947, 951 (9th Cir. 2007) ("[W]e conclude that the district
17 court lacked jurisdiction over the Sissoko's [*Bivens*] claim because it arises from the decision
18 or action by the Attorney General to commence removal proceedings."). His second
19 argument, however, raises a purely legal question. Accordingly, the court has subject matter
20 jurisdiction over this issue.

21    In his response to the motion, Lopez argues § 1252(g) has no application at all
22 because it only applies to *pending* immigration cases citing, among other things, *Medina v.*
23 *United States*, 92 F.Supp.2d 545, 552 (E.D.Va. 2000). In that case, the District Court of the
24 Eastern District of Virginia concluded § 1252(g) did not divest the court of jurisdiction over
25 an FTCA action brought "after the Immigration Judge terminated the proceedings against
26 him." *Medina*, 92 F.Supp.2d at 552.

27    *Medina*'s temporal arguments, however, have not been accepted by the Ninth Circuit.
28 *See Pedroza v. Gonzalez*, n. 3, 2010 WL 6052381, 6 (S.D.Cal. 2010). And, the statutory

1 notes to § 1252 seem to preclude this argument. *See Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 477, 119 S.Ct. 936, 940 - 941 (1999) ("Section 306(c)(1) of IIRIRA directs that a single provision, § 1252(g), shall apply without limitation to claims arising from all past, pending, or future exclusion, deportation, or removal proceedings.") (punctuation modified). Section 1252(g) contains no explicit temporal limitation, and this court should not infer one. *See Pedroza v. Gonzalez*, 2010 WL 6052381, 6 (S.D.Cal.2010) ("The statute's lack of any temporal limiting language indicates that none was intended.").

Lopez's claims must be dismissed pursuant to § 1252(g) in so far as they rest on his argument that the government's decision to remove him was an abuse of discretion. The court does, however, have jurisdiction over his claims in so far as they rest on his argument that his removal during the pendency of his appeal was contrary to law. Lopez's complaint, however, contains no support for that argument. Accordingly, his claims based on this argument must be dismissed pursuant to FED.R.CIV.P. 12(b)(6).

"A Rule 12(b)(6) motion tests the legal sufficiency of the claim." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011). The claim must allege a legally cognizable theory of relief and include factual allegations sufficient to support that theory. *Hinds Investments, L.P. v. Angioli*, 654 F.3d 846, 850 (9th Cir. 2011).

"All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 -755 (9th Cir. 1994). "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Id*.

To survive the motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965 (2007) (internal punctuation omitted). "[A] well-pleaded

- 5 -

1 complaint may proceed even if it strikes a savvy judge that actual proof of those facts is
2 improbable, and that a recovery is very remote and unlikely." *Id.* at 556, 1965 (internal
3 punctuation omitted).

4 Here, Lopez argues his removal was illegal because it occurred while his appeal was
5 still pending. The government, however, explains that there is no right to remain in the
6 country during the appeals process. Section 1252(b)(8)(C) of Title 8 explicitly states that the
7 appeals process "does not require the Attorney General to defer removal of the alien." Lopez
8 does not identify any statutory or regulatory authority to counter this argument. *See Clegg*
9 *v. Cult Awareness Network*, 18 F.3d 752, 755 (9th Cir. 1994) ("[T]he court is not required
10 to accept legal conclusions cast in the form of factual allegations if those conclusions cannot
11 reasonably be drawn from the facts alleged.").

12 The law does provide a partial remedy for those aliens who wish to remain in the
13 country while their appeal is being processed. They may petition the executive branch or the
14 courts for a stay. *See Nken v. Holder*, 556 U.S. 418, 440, 129 S.Ct. 1749, 1764 (2009)
15 (Alito, J, dissenting) Lopez does not allege that he did that.

16 What Lopez does allege is that the government's decision to allow him to return
17 twenty-six days after his removal is an admission that his removal was contrary to law. The
18 court does not agree. Lopez was paroled into the country, which permitted him to pursue his
19 appeal while physically present in this country. *See* (Doc. 15, p. 2) Subsequently, he applied
20 for adjustment of status and was granted permanent residency. None of these developments
21 prove that his removal while his appeal was pending was contrary to law. *See, e.g., Nken v.*
22 *Holder*, 556 U.S. 418, 424, 129 S.Ct. 1749, 1755 (2009) (explaining how the Immigration
23 and Nationality Act was amended to permit "prompt removal" of aliens even though their
24 petition for review is pending). Parole, for example, may be granted on humanitarian
25 grounds completely apart from the merits of the prior removal. *See* 8 U.S.C. §
26 1182(d)(5)(A).

27 Lopez has not offered a plausible argument supporting his assertion that his removal
28 was contrary to law. His claims based on this allegation should be dismissed. *See, e.g.,*

1 *Moher v. U.S.*, 875 F.Supp.2d 739, 756 (W.D.Mich. 2012) (FTCA claim for trespass against border patrol officers was dismissed pursuant to Rule 12(b)(6) in part because 8 U.S.C. § 1357(a)(3) authorizes officers to enter private land to patrol for illegal immigration activity.); *Bowman v. Associates Home Equity Service*, 2008 WL 906276, 3 (E.D.Cal. 2008) ("In short, plaintiff's allegations regarding the purported 'fiduciary relationship' are no more than legal conclusions cast in the form of factual allegations, and they cannot be supported from the facts alleged."); *Pesci v. I.R.S.*, 67 F.Supp.2d 1189, 1193 (D.Nev. 1999) (The plaintiff's complaint was dismissed for failure to state a claim upon which relief can be granted because under the IRS code "an employer is not liable to an employee for complying with its legal duty to withhold tax.").

The court does not reach the government's alternate argument that the FTCA does not provide jurisdiction because there is no private person analogue for the government's immigration activities.

Recommendation

The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order GRANTING the government's motion, filed on June 3, 2014, to dismiss for lack of jurisdiction and, in the alternative, for failure to state a claim upon which relief can be granted. (Doc. 15)

Lopez maintains his complaint can be amended to state a claim over which this court does have jurisdiction. For example, he intends to bring a claim arising out of his repeated detention by immigration agents since he adjusted his status. He should be given an opportunity to do so. The complaint should be dismissed with leave to amend.

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 14 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. The Local Rules permit the filing of a response to an objection. They do not permit the filing of a reply to a response.

DATED this 20th day of November, 2014.

1
2
3      *Leslie A. Bowman*
       Leslie A. Bowman
4      United States Magistrate Judge
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28